EDWARD LUHRS, Appellant, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.

*Assault upon a passenger by a conductor — a case, triable of right by a jury — the direction of a verdict — a verdict contrary to the evidence and one contrary to the weight of evidence, distinguished.*

A street railway corporation is liable to a passenger upon one of its cars for an assault committed upon him by the conductor thereof.

Where a case is of right triable by jury, the court cannot take from that tribunal the ultimate decision of the fact unless the fact is either uncontradicted or the contradiction is illusory, or the answering evidence is a "scintilla" merely.

The fact that the evidence in such a case so greatly preponderates in favor of one party that the trial court would be authorized to set aside a verdict against such party as being against the weight of evidence does not warrant it in directing a verdict.

It is otherwise where the verdict would be against the evidence, that is, have no evidence to sustain it.

APPEAL by the plaintiff, Edward Luhrs, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 23d day of March, 1896, upon the verdict of a jury rendered by direction of the court after a trial at a Trial Term of the Supreme Court held in and for the county of Kings.

*Horace Graves*, for the appellant.

*Thomas S. Moore*, for the respondent.

CULLEN, J.:

The plaintiff and his niece testified to an assault made by the conductor upon the plaintiff, who was a passenger on defendant's car. For such an assault the defendant was liable. (*Stewart* v. *Brooklyn & Cross Town R. R. Co.*, 90 N. Y. 588.) The conductor denied that he assaulted the plaintiff, and in this he is corroborated by several disinterested witnesses. There was, therefore, presented for determination a clear question of fact, upon the determination of which the rights of the parties depended. The respondent seeks to justify the action of the trial court in directing a verdict on the claim that the evidence so preponderated in its favor that had the

jury found for the plaintiff the court would have set aside the verdict as against the weight of evidence. We think that such a preponderance of evidence does not justify the court in taking the question of fact from the jury. In *Bagley* v. *Bowe* (105 N. Y. 171) it was held : "The trial court or the General Term is authorized to set aside a verdict and direct the issue to be retried before another jury if in its judgment the verdict is against the weight or preponderance of evidence, but in a case which of right is triable by jury, the court cannot take from that tribunal the ultimate decision of the fact, unless the fact is either uncontradicted or the contradiction is illusory, or where, to use a current word, the answering evidence is a 'scintilla' merely."

It is said in some of these cases that a nonsuit or direction of a verdict will be sustained where the court would set aside, as against evidence, a verdict in opposition to the direction. Judge ANDREWS, who wrote the opinion in *Bagley* v. *Bowe*, said in *Bulger* v. *Rosa* (119 N. Y. 459): "The test of the right to direct a verdict is whether the court would be bound to set a verdict aside as against evidence if rendered against the party in whose favor it was directed." I do not think that the learned judge intended by this expression to alter the rule as stated by him in the previous case. A verdict against evidence is a verdict without evidence to support it. Where such a verdict is rendered, the case presents a question of law, and the party aggrieved has an absolute right to have it set aside. The question whether a verdict is against the weight of evidence is one the determination of which rests in the sound discretion of the court. When it is said that a verdict will be directed where a contrary verdict would be set aside, reference is made to the former class of cases, not to the latter class. (*Colt* v. *Sixth Avenue R. R. Co.*, 49 N. Y. 671.)

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.