## LUHRS v. BROOKLYN HEIGHTS R. CO.[1]

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

TRIAL—DIRECTION OF VERDICT.

It is reversible error for a court to direct a verdict for defendant, though the evidence so preponderated in its favor that, had the jury found for the plaintiff, the court would have set aside the verdict as against the weight of evidence.

Appeal from trial term, Kings county.

Action by Edward Luhrs against the Brooklyn Heights Railroad Company for assault of defendant's conductor on plaintiff. From a judgment in favor of defendant, entered on a verdict directed by the court, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Horace Graves, for appellant.

Thomas S. Moore, for respondent.

CULLEN, J. The plaintiff and his niece testified to an assault made by the conductor upon the plaintiff, who was a passenger on defendant's car. For such an assault the defendant was liable. Stewart v. Railroad Co., 90 N. Y. 588. The conductor denied that he assaulted the plaintiff, and in this he is corroborated by several disinterested witnesses. There was, therefore, presented for determination a clear question of fact, upon the determination of which the rights of the parties depended. The respondent seeks to justify the action of the trial court in directing a verdict on the claim that the evidence so preponderated in its favor that, had the jury found for the plaintiff, the court would have set aside the verdict as against the weight of evidence. We think that such a preponderance of evidence does not justify the court in taking the question of fact from the jury. In Bagley v. Bowe, 105 N. Y. 171, 11 N. E. 386, it was held:

"The trial court or the general term is authorized to set aside a verdict and direct the issue to be retried before another jury, if, in its judgment, the verdict is against the weight or preponderance of evidence; but in a case which of right is triable by jury the court cannot take from that tribunal the ultimate decision of the fact, unless the fact is either uncontradicted or the contradiction is illusory, or where, to use a current word, the answering evidence is a 'scintilla' merely."

It is said in some of these cases that a nonsuit or direction of a verdict will be sustained where the court would set aside, as against evidence, a verdict in opposition to the direction. Judge Andrews, who wrote the opinion in Bagley v. Bowe, said in Bulger v. Rosa, 119 N. Y. 459, 24 N. E. 853:

"The test of the right to direct a verdict is whether the court would be bound to set a verdict aside as against evidence if rendered against the party in whose favor it is directed."

I do not think that the learned judge intended by this expression to alter the rule as stated by him in the previous case. A verdict against evidence is a verdict without evidence to support it. Where such a verdict is rendered, the case presents a question of law, and

[1] Motion for reargument denied. See 42 N. Y. Supp. 1101.

the party aggrieved has an absolute right to have it set aside. The question whether a verdict is against the weight of evidence is one the determination of which rests in the sound discretion of the court. When it is said that a verdict will be directed where a contrary verdict would be set aside, reference is made to the former class of cases; not to the latter class. Colt v. Railroad Co., 49 N. Y. 671.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.