In the Lent Case, supra, the court said:

"It does not admit of controversy that, upon an original contract for the payment of money, nonpayment is the fact which constitutes the breach of the contract, and is the essence of the cause of action, and, being such within the rule of the Code, it should be alleged in the complaint."

And in Witherhead v. Allen, supra:

"When the action is founded upon a contract obligation or duty, the very gist and essence of the cause of action is the breach thereof by the defendant, and, unless the breach is alleged, no cause of action is shown."

And in Van Giesen v. Van Giesen, supra:

"The material allegations of the complaint in this case are the making by the defendant of the promissory note, the transfer of it to the plaintiff, and the nonpayment by the defendant. Each of them is material, for, without the concurrence of all of them, the complaint would not show a cause of action."

Manifestly, not only under the plain and obvious meaning of the section of the Code referred to, but under the authorities cited, in an action to recover upon the note itself, it would be necessary for the plaintiff to allege and prove nonpayment. If I am right in this conclusion, then it necessarily follows, as it seems to me, in an equitable action brought to establish a pledge of personal property given to secure payment of the note and to foreclose the pledge, that the fact of nonpayment of the note must be alleged in the complaint and proved upon the trial. It cannot be otherwise, because the breach of the contract to pay the note is of the essence of the cause of action. It is the basis of plaintiff's right to proceed in equity. It is the fact which gives it standing in court. Payment of the note would, ipso facto, satisfy the pledge, and destroy any right which the plaintiff theretofore had to proceed in equity. It follows, therefore, that nonpayment of the note must be alleged in the complaint, and, the plaintiff having failed to allege that fact, the complaint should have been dismissed. Ryan v. Holliday, 110 Cal. 335, 42 Pac. 891. It is unnecessary to pass upon the other questions raised.

For these reasons I cannot concur in the opinion of Mr. Justice PATTERSON. I think judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

(29 Misc. Rep. 636.)

BAUER v. METROPOLITAN ST. R. CO.

(Supreme Court, Appellate Term. November 29, 1899.)

APPEAL—SETTING VERDICT ASIDE AS AGAINST EVIDENCE—DISCRETION OF COURT.
    An order setting aside the verdict as against the weight of evidence rests in the sound discretion of the court, and will not be disturbed unless the record shows an abuse of such discretion.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Frederick Bauer against the Metropolitan Street-Railway Company. From an order setting aside a verdict in favor of plaintiff, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Leon Huhner, for appellant.

Henry A. Robinson, for respondent.

FREEDMAN, P. J. After the rendition of a verdict in favor of the plaintiff herein, the trial judge, for reasons stated by him in his order, set aside the verdict, as being against the weight of evidence, and ordered a new trial. The question whether the verdict is against the weight of evidence is one, the determination of which rests in the sound discretion of the court. Luhrs v. Railroad Co., 11 App. Div. 173, 42 N. Y. Supp. 606. An examination of the record in the case at bar does not disclose such an abuse of this discretion as to warrant a reversal of the order made.

Order affirmed, with costs.

MacLEAN, J., concurs. LEVENTRITT, J. takes no part.