## VAN BRUNT v. CALDER.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

USE AND OCCUPATION—AGREEMENT TO PAY RENT.
　　Plaintiff's assignor transferred property to defendant under an agreement that he would procure a purchaser for it, if defendant should prove dissatisfied with her bargain. Defendant agreed that, in the event of such a sale, she would pay rent for the use and occupation of the premises. *Held* that, on the fulfillment of such agreement, plaintiff was entitled to recover for the use and occupation of the premises, although a deed had been executed transferring the title to defendant.

Appeal from trial term, New York county.

Action by Lizzie M. Van Brunt against Kate V. Calder. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Harcourt Bull, for appellant.

Wayland E. Benjamin, for respondent.

HATCH, J.   There are a great number of exceptions in this case, based upon claimed erroneous rulings in the admission of testimony, refusals of the court to charge certain specific requests, and to the general charge as made.   We have examined all of these exceptions, and find none, save one, which requires any discussion.   Many of them are rendered unavailing, whether error could be predicated thereon or not, in view of the course which the trial took and of the undisputed facts of the case.   An exception to the charge as made, and a refusal to charge a certain specific request, present the only question deemed by this court to be worthy of discussion, so far as the exceptions are concerned.

As appears by the complaint, the action was brought to recover rent of certain premises in the city of New York.   The proof in support of the cause of action was in many respects entirely at variance with the averments of the complaint, and it is evident that the court was at one time on the point of dismissing the complaint upon the theory that the rights and liabilities of the parties could only be reached and disposed of properly in an equitable action.   Upon the evidence, however, as it was subsequently developed, the court reached the conclusion, and we think correctly, that the action was one at law, and that the rights of the parties could be settled therein. The proof was in all substantial respects undisputed, and to the effect that plaintiff's assignor and the defendant entered into an agreement whereby such assignor was to transfer to the defendant a certain house, at a specified price, under an agreement to find a purchaser, and resell the same, in the event that the defendant should be dissatisfied with her purchase, and request such action. The defendant had advanced a considerable sum of money to the assignor, in the form of a loan, and some evidence was given in the case that the deed of the property, which was subsequently executed and delivered, was as security for the loan of this money, and was not intended to take effect as a transfer of the title.   In form it was absolute, and testimony was given authorizing the conclusion that it was so in fact, and was not intended to operate as a mortgage.   Whatever the fact may be in this respect is not at present of the slightest consequence; for it was the undisputed proof that plaintiff's assignor was to procure a purchaser of the property in the event that defendant should be dissatisfied, and that subsequently, pursuant to her request, he did procure such purchaser, to whom the defendant transferred the title of the premises.   As a part of the agreement, the defendant obligated herself, as the jury has found, and the evidence justified such finding, to pay rent for the use and occupation of the premises at the rate of $75 per month, in the event that a sale of the premises was effected as heretofore mentioned.

If this were all of the case, it is clear that, under the agreement as made, the plaintiff, as assignee, would be entitled to maintain an action for rent.   Such action would not be defeated by the inter-

vention of the conveyance which operated to transfer the title. The agreement contemplated its execution and the subsequent steps which were taken; and having been fully and completely executed, and the right having accrued for the use and occupation of the premises, such executed agreement furnished the consideration upon which to base an action to recover for such use and occupation, whether the relation of landlord and tenant, in the technical sense, existed during the whole period or not. It may be assumed that it did not so exist, but the execution of the agreement carried with it the right to recover for the use and occupation of the premises.

The case, however, as might naturally be expected, was complicated by certain demands which the defendant claimed to hold against plaintiff's assignor, and other charges in respect to the discharge of mortgages, searching of title, changes in the house conveyed, and other items. It is not at all necessary that we should examine and state this account as it appeared upon the trial. The court, in an admirable charge, fairly and fully presented to the jury a clear statement of the account, and no comment is necessary in respect to that statement except in one particular, and this presents the exception to which we have heretofore adverted. The negotiations were conducted for the most part by the husband of the defendant, and one of the questions in the case was whether, in all of the transactions, the husband acted as the agent of the defendant. The court submitted this question to the jury, and their finding established the existence of such agency. After the premises had been resold by the plaintiff's assignor, the defendant and her husband removed to Virginia, where they engaged in the business of farming. Much delay was had before the actual transfer of the deed to the premises and the payment of the purchase price upon the resale. The defendant and her husband during this time were in need of money, and the husband wrote to plaintiff's assignor many times, requesting that money be sent to them. Pursuant to such requests, and at three different times, plaintiff's assignor sent to defendant's husband money amounting in the aggregate to $1,-050. Upon the trial the defendant claimed that this item of money was a loan made by plaintiff's assignor to her husband, and was not to be regarded as an advance to her of any part of the purchase money. Upon this subject the court charged the jury that the money so paid was paid to Calder (the husband), acting as the agent of his wife, and coupled this with the statement that "there is no other possible construction that could be given to it under the testimony." The court also refused a request of the defendant to submit to the jury the question whether this was an advance of money to the defendant or a loan to her husband. It is not entirely clear that, taking the whole of the husband's statement in respect to this transaction, it would establish a loan to him. The testimony relied upon is as follows:

"Q. Do you mean now to say that these sums of $500, $300, and $250, that were sent by Mr. Van Brunt to you in response to these letters that have been read, were sent on account of an indebtedness which he owed to Hobbe? A. No, sir; they were sent as a loan to me. Q. Were they sent at all on account of the money which Van Brunt owed? A. They were sent because he was

holding back on this money. Q. Answer my question. Were they paid by Mr. Van Brunt as payment of any money due either to Hobbe, or to you and Hobbe jointly? A. They were sent on account to me. Q. On account of what? A. Money advanced me. Q. They were sent on account of money advanced to you? A. Money advanced me to help me over until this title passed on No. 16 West 131st street."

And again:

"Q. He sent it down on account of the 131st street house, did he? A. It was advanced to me. Q. It was advanced to you out of the transaction relating to the 131st street house,—it was an advance payment on account of that house? A. I could not tell who to credit it to. Q. You found out who to credit it to. You credited it to Mr. Van Brunt, didn't you? A. Yes, sir."

It is thus apparent from his testimony that the money was advanced on account of the purchase price of the house, from which account Van Brunt would have been entitled to be repaid, and when it was sent it was so understood. The husband draws his conclusion from the transaction, stating that it was a loan to him. This is a mere inference, which the undisputed proof shows was not permissible. There was no agreement for a loan found in the written communications, nor any oral testimony upon which it could be based. The whole transaction appeared, and the husband testifying that it was a loan did not make it such, when all of the evidence excludes it. As it appeared what the entire transaction was, and that it was an advance of moneys which were due to the defendant, it would scarcely be evidence of the fact that it was a loan. But assuming it to be otherwise, and that this testimony is to be construed as a claim by the husband that it was a personal loan of money to him independent of the transaction of the sale of the house, it is so overwhelmingly met by the written and oral evidence in the case as required the court to refuse to submit it as a question of fact to the jury. If so submitted, and the jury founded a verdict thereon, it would be required to be set aside, as being without evidence to sustain it. Under such circumstances, the court was not only justified, but required to refuse such submission. Luhrs v. Railroad Co., 11 App. Div. 173, 42 N. Y. Supp. 606, same case, on motion for reargument, 13 App. Div. 126, 42 N. Y. Supp. 1101. It is not necessary, nor would it serve any useful purpose, to call attention to all of the evidence in the case to justify this conclusion. In our view, it abundantly appears in the record. There are no other questions in the case which seem to require attention. The judgment is right and should be affirmed.

Judgment and order affirmed, with costs. All concur.