Aurora Grata Association of Brooklyn, Respondent, v. Aurora Grata Masonic Club, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

John S. Decker, Respondent, v. Erie Railroad Company, Appellant, Impleaded with Lehigh and New England Railroad Company.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

John Burke, an Infant, by John A. Burke, his Guardian ad Litem, Respondent, v. Borden's Condensed Milk Company, Appellant.—Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Elise Imhauser, Respondent, v. Robert Kopp, Appellant.— Judgment affirmed. Inasmuch as the Special Term imposed no costs, and the defendant concededly was entitled to recover $425, and the plaintiff made claim for the credit for a sale, which was not allowed, we think, under the circumstances, that this affirmance should be without costs. No opinion. All concurred.

Mark Hines, Respondent, v. Patrick Costello, Appellant.— Judgment affirmed, by default, with costs.

Daniel Merna, an Infant, by William J. P. Merna, his Guardian ad Litem, Appellant, v. The Brooklyn Heights Railroad Company, Respondent.— Judgment reversed and new trial granted, costs to abide event, on authority of *Luhrs* v. *Brooklyn Heights R. R. Co.* (11 App Div. 173) and *McDonald* v. *Metropolitan St. Ry. Co.* (167 N. Y. 66). All concurred.

William O. Platt and Others, as Trustees, v. New York and Sea Beach Railway Company and Another.— Motion granted and order signed.

Herman Vogel, Respondent, v. A. Bleecker Banks and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied.

Emily Sickles, Appellant, v. Abram Kling, Respondent.— Motion for leave to appeal to the Court of Appeals granted.

In the Matter of the Application of George C. Hazelton, Jr., for Admission to Practice as an Attorney and Counselor at Law in the Courts of this State.— Application granted.

James McCormick, Appellant, v. Victor A. Wilder and Another, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

---

# FOURTH DEPARTMENT, MAY TERM, 1901.

George R. Taylor, Respondent, v. Edward Smith, Appellant.— Judgment and order reversed upon the facts and new trial ordered with costs to appellant to abide event.— Appeal from judgment entered in the office of the clerk of Erie county in favor of the plaintiff and against the defendant, and from an order denying a new trial.—

RUMSEY, J. : The order denying a new trial in this case was made in January, 1897, and the judgment was entered on the twenty-fifth day of March in the same year. An appeal was taken from the judgment, and in the notice of appeal it was stated that there would be brought up for review the order denying the motion for a new trial. When the case came before this court in 1897, an order was made dismissing the appeal so far as it sought to review the order denying the motion for a new trial, and affirming the judgment. From that determination an appeal was taken to the Court of Appeals, where the order was reversed and the whole matter remitted to this court to consider the case upon a review of the order denying the new trial, the Court of Appeals holding that that order was an intermediate order necessarily affecting the final judgment within the provisions of section 1316 of the Code of Civil Procedure, and that this court erred in refusing to consider the merits upon that order and dismissing the appeal from it. When the case was here before, this court, although it refused to consider the appeal from the order, did hold that the appeal from the judgment was properly taken and was before the court, and that it brought up for review the exceptions taken upon the trial. All those exceptions were considered by the court and held not to be well taken, and the judgment was affirmed. The correctness of that determination of this court was evidently not considered by the Court of Appeals. So far as the exceptions are concerned, therefore, they must be taken to have been disposed of by the former judgment of this court, and the only question which remains for us to

consider is whether the motion for a new trial should have been granted upon the ground that the verdict was contrary to the evidence. Questions of law are not here to be considered, but only the question of fact raised by the motion for a new trial upon that ground. It appeared by the proof that on the 27th of February, 1890, the plaintiff sold to the defendant certain property in the State of Minnesota, for which the defendant agreed to pay "$4,800 and other valuable consideration," by paying $1,000 in money, $2,800 by note, and "$1,000 by conveying to the said second party 20 lots of the land in the Murray Hill addition to the City of Duluth, as now laid out on the maps of said lands. The deeds thereof, with a search or abstract showing the same to be free and clear from any and all liens, to be delivered to the said second party within three months of and after the date of this instrument, and the said first party hereby agrees that if the deeds of said lots and such search is not so delivered and furnished, he will pay to the said second party the sum of $1,300 in lieu thereof in cash on demand, or if at the end of one year from this date, if second party so elects, he will purchase back the same at the agreed price of $1,000, with interest thereon from this time, and all taxes or assessments to the time of such purchase." The action was brought in November, 1895. The plaintiff claims that the deed and the search provided for in the above-quoted portion of their agreement were not delivered to him by the defendant as therein agreed, and he brings this action to recover the sum of $1,300. The single question presented upon the trial and submitted to the jury was whether the deed of the twenty lots was delivered to the plaintiff and accepted by him within the three months prescribed by the contract. It was undisputed that within that time a deed for the lots was actually delivered to one Bennett, who was the attorney for the plaintiff. There was no claim on the part of the defendant that the search was ever delivered. The plaintiff,