## CARPENTER *vs.* SMITH.

Where the evidence on the trial of a cause shows that as matter of law the plaintiff can not recover, it is the duty of the judge to nonsuit him, instead of submitting the case to the jury: and if he refuses to do so, it is error. If there is no clashing of evidence, and on the plaintiff's own showing he has no right to recover, there is nothing to be left to a jury; and to allow such a case to go to them is to make them pass on a question of law, and to deprive the defendant of the right which he has to have the *judge* determine the law.

ERROR to the court of common pleas of the city and county of New-York. The defendant in error sued the plaintiff in error for services rendered as a broker in negotiating the sale of four houses and lots. A motion made by the defendant for a nonsuit was denied by the judge at the trial, and the cause being submitted to the jury they found a verdict for the plaintiff for $175. The facts occurring on the trial appear in the opinion of the court.

*Wm. S. Sears*, for the plaintiff in error.

*Campbell & Hinsdale*, for the defendant in error.

*By the Court*, MITCHELL, J. Smith sued Carpenter in the New-York common pleas for services alledged to have been rendered by him as a broker, in the sale of real estate for Carpenter. The contract, express or implied of the broker, in such a case, is that he will find a purchaser who will take the property upon the terms on which the seller has offered it. And it might also be that he would be entitled to some compensation if he should find a purchaser who would offer other terms which the seller should adopt. In this case the broker brought to the seller a person who, instead of acceding to the seller's terms, objected to execute any agreement unless the seller "would put up as a forfeiture $1000," and who made that, as he testified, "a condition

precedent." He added, " I stuck to that—I would not sign any agreement unless the money was put up." There was no proof that the seller had ever authorized the broker to sell on such extraordinary terms. This being so, the plaintiff's proofs showed that he had *not* procured a purchaser on the terms on which he was authorized, and so proved that as a matter of law he was not entitled to recover for brokerage. The defendant below moved for a nonsuit, which the court refused, and the defendant excepted. He then introduced his proofs, which confirmed his defense, and he renewed the motion for a nonsuit—which the court refused, and he again excepted.

There was no matter of fact in this case to go to a jury. The evidence showed that as matter of law the plaintiff could not recover. He had not performed the services on the performance of which his right to compensation depended. The judge in such case should have nonsuited him.

It was argued that a judge may refuse to nonsuit, and that no exception lies if he leaves the matter to the jury. But that is against all principle. If there is no clashing of evidence, and on the plaintiff's own showing he has no right to recover, there is nothing to be left to a jury. To allow such a case to go to them is to make them pass on a question of law, and to deprive the defendant of the right which he has to have the judge (and not the jury) determine the law. It would destroy the well established boundary between the two parts of the tribunal.

It is the right of a judge to grant a nonsuit even after the defendant has produced evidence of new matter, (as of payment,) if it be so clear that a verdict for the plaintiff would be against the evidence. And Justice Cowen has said, even " if it would be against the clear weight and effect of the defensive evidence." (*Rudd* v. *Davis,* 3 *Hill,* 287 ; *affirmed,* 7 *Id.* 529.) The rights and duties of the courts in such cases are nearly synonymous. So Ch. Justice Savage says, (*Stuart* v. *Simpson,* 1 *Wend.* 376, 379,) " If the evidence would not authorize a jury to find a verdict for the plaintiff, or the court would set it aside if so found, as contrary to evidence, in such cases it is *the duty* of the court to nonsuit the plaintiff." Burrill also states that, during the trial

Carpenter *v.* Smith.

questions of law arise, and among these " the right of nonsuiting the plaintiff;" and that these points it is the province of the judge to decide ; and that " if *either* of the parties be dissatisfied with the decision, he may except to such decision." (1 *Burr. Pr.* 1*st ed.* 239, 240.)

It is an every day practice to except to the decision of a judge refusing a nonsuit. It could hardly have been that so universal a practice was without the sanction of law. In *Cunningham* v. *Hudson River Bank*, (21 *Wend.* 557,) the judgment of the superior court was reversed because they refused a nonsuit on the plaintiff's evidence and allowed the case to go to a jury, who found for the plaintiff below. It was on the sufficiency of the proof of the defendant's hand-writing.

The judgment should be reversed, with costs.