## THE PEOPLE *ex rel.* HENRY PECK *vs.* THE BOARD OF POLICE OF THE METROPOLITAN POLICE DISTRICT.

It is competent for the jury, on the trial of issues in a mandamus case, to find a general verdict; and the court will give effect to such a verdict, if necessary, by applying it to the issues separately.

From the fact that the court directed the jury, in such a case, to render a general verdict, the verdict will be presumed, in the absence of any evidence to the contrary, to have been rightly rendered.

When there is no evidence, upon an issue before a jury, or the weight of evidence is so decidedly in favor of one side that the court would set aside the verdict as against the evidence, if rendered, it is the duty of the judge to direct the jury what verdict to render.

And there is no statute or practice, nor any thing in the nature of the proceeding by *mandamus*, which takes away from the court the right, in such cases, to direct a verdict.

A verdict for the defendant, given in pursuance of the direction of the judge, upon the issues tried, will not bar the relator from having a peremptory writ of mandamus.

THE facts and proceedings in this case were similar to those in *The People ex rel. Hanrahan* v. *The Board of Police, ante, p.* 644. The jury were directed to find a general verdict for the defendants; and the case was ordered to be

heard, in the first instance, at a general term. A motion for a peremptory mandamus was thereupon made, upon the verdict or judgment thus rendered, which motion was denied, and the relator appealed from the order.

*Beebe, Dean & Donohue,* for the relator.

*Brown, Hall & Vanderpoel,* for the respondents.

*By the Court,* MULLIN, J. In the case of *Hanrahan(a)* we held that it was competent for the jury, on the trial of issues in mandamus cases, to find a general verdict, and that the court would give effect to it if necessary by applying it to the issues separately. If we were right in thus holding, the verdict in these cases is a valid one. And as no question arises on the effect of the evidence, or the proceedings on the trial, there is enough in the papers before us to enable the court to dispose of the question arising on this appeal.

From the fact that the court directed the jury to render the verdict, we must presume it, in the absence of evidence to the contrary, to have been rightly rendered. When there is no evidence upon an issue before a jury, or the weight of evidence is so decidedly in favor of one side that the court would set aside the verdict as against the evidence, if rendered, it is the duty of the judge to direct the jury what verdict to render ; and there is no statute or practice, nor any thing in the nature of the proceeding by mandamus, which takes away from the court the right, in such cases, to direct a verdict.

But as a majority of the court has held that a finding in favor of the defendants, of the several issues sent to the jury in these cases for trial, does not bar the relator from having a peremptory writ, we must give effect to that decision, in this case, by reversing the order of the special term, and ordering the issuing of a peremptory writ.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Mullin* and *Leonard,* Justices.]

(a) Ante, p. 644.