· LUHRS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    January 12, 1897.)

TRIAL—DIRECTION OF VERDICT.

It is error to direct a verdict for defendant, though the evidence so preponderates in its favor that, if the jury should find for plaintiff, the court will set aside the verdict as against the weight of evidence.    Linkauf v. Lombard, 33 N. E. 472, 137 N. Y. 426, and Hemmans v. Nelson, 34 N. E. 342, 138 N. Y. 517, distinguished.

On motion for reargument.    Denied.

For report of decision on appeal, see 42 N. Y. Supp. 606.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Horace Graves, for appellant.

Thomas S. Moore, for respondent.

CULLEN, J.    We are asked to grant a reargument, on the ground that the decision hitherto rendered by us is in conflict with what is claimed is the controlling authority of Linkauf v. Lombard, 137 N. Y. 426, 33 N. E. 472, and Hemmans v. Nelson, 138 N. Y. 517, 34 N. E. 342.    In Linkauf v. Lombard, it is said by Judge Gray:

"The rule should be regarded as settled, under all the authorities, as well by the decisions of the courts of this state as by those of England, that where there is no evidence upon an issue before the jury, or the weight of the evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial judge to nonsuit, or to direct a verdict, as the case may require."

In the Hemmans Case, Judge O'Brien said:

"The most that can possibly be said is that there was a scintilla of evidence on the question of malice, which, under the doctrine of some older cases, was sufficient to carry the question to the jury.    But this court is now firmly committed to the more modern and reasonable rule that where there is no evidence upon an issue before the jury, or the weight of evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial judge to nonsuit, or to direct a verdict, as the case may require."

If the rule stated by these learned judges was intended to include a case where, on the trial, there was a conflict of evidence, certainly the grounds on which we based our decision were erroneous. But I am of opinion that no such construction is to be given to the language used in the two cases cited.    The opinions must be held as referring and limited to the cases then before the court.    It must be borne in mind that the court of appeals has never had jurisdiction on appeals in actions tried before a jury to determine questions of fact.    The court so held under the old Code, though there was no statutory provision expressly limiting its jurisdiction.    Vermilyea v. Palmer, 52 N. Y. 471; Wright v. Hunter, 46 N. Y. 409; Young v. Davis, 30 N. Y. 134.

By section 1337, Code Civ. Proc., it is, in express terms, provided that the court of appeals cannot determine a question of fact arising upon conflicting evidence, unless where special provision for such determination is made by law.    Therefore, if there had been

a real or substantial conflict of evidence in the Linkauf Case, the court could not have reversed the judgment. A reference to other parts of the opinion shows that the court found that there was no sufficient evidence to go to the jury. It was held:

"At most, it was only open to a surmise that the defendants were individually concerned in running this steamship line, and that was not enough to justify the trial judge in letting the case go to the jury. To permit a jury to speculate and surmise upon a question of responsibility is to withdraw from the litigant a safeguard intended for the protection of his rights."

It will thus be seen that the case was one of sufficiency of evidence, not of the weight of evidence.

An examination of the whole opinion delivered in the Hemmans Case shows that Judge O'Brien could not have intended his language, in reference to the duty of granting a nonsuit or direction, to be given the broad construction contended for by the learned counsel for the respondent, for on the preceding page he thus writes of the evidence in the case:

"Still, however improbable it may appear, if there was any evidence of it, the question was, doubtless, for the jury."

While the court of appeals early repudiated any authority to determine questions of fact, it at the same time declared the doctrine that a verdict or finding of fact without any evidence to support it, or against uncontroverted evidence, presented not a question of fact, but a question of law, and could be reviewed by that court. Mason v. Lord, 40 N. Y. 476. It was there said:

"When the alleged error is a finding of fact contrary to the weight of evidence, it is within the meaning of the Code, providing for appeals on error of fact, of which this court can take no cognizance. When it is the finding of a fact without any evidence, or the refusal to find a fact proved by uncontroverted evidence, it is legal error, which is available in this court."

In Pollock v. Pollock, 71 N. Y. 137, the same rule was held, and it was subsequently incorporated in section 1737 of the Code of Civil Procedure (repealed in 1895). In the Pollock Case, Judge Folger said:

"There is no evidence to sustain the finding of that fact by the special term. * * * The circumstances which are the most urgent are, upon the authorities cited, insufficient to warrant an inference of a guilty act; and without the aid of inference there is no proof. Insufficient evidence is, in the eye of the law, no evidence. When we say that there is no evidence to go to a jury, we do not mean literally none; but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established."

This statement of Judge Folger is substantially the same as that of Justice Andrews, that a mere scintilla of evidence or an illusory contradiction is not sufficient to justify the submission of a case to a jury. I think it must be to only cases where the evidence is of this character that the decisions in the Linkauf and Hemmans Cases can be considered to apply; otherwise, it must be held that the determination of a matter of fact, where the weight of evidence decidedly preponderates in favor of one side or the other, presents not merely a question of fact, but a question of law. I can find

no authority for such a proposition. The reports of the court of appeals are filled with declarations, especially in negligence cases, that the general term might have granted a new trial on the facts, but that no such power existed in that court. And this, not on the ground that no motion to direct a verdict had been made or no exception taken, but because the question was one of fact, and not of law. In nearly all the cases where it has been held that a scintilla of evidence was not sufficient to uphold a verdict, the proof has been a matter of inference. If one were sued civilly for the conversion of goods which it was alleged he had stolen, the fact that he had been at the place from which the goods were stolen about the time of the larceny would, doubtless, be some evidence of the fact that he had taken the goods. But, in the absence of other incriminating evidence, it would be insufficient to support a verdict against him. So, also, even in the case of direct evidence, the testimony of a witness may be in such contradiction of matters of common knowledge or the laws of nature as to be incredible, as a matter of law. Such evidence is suggested by Judge Haight in Re Harriot's Estate, 145 N. Y. 540, 40 N. E. 246. So, in People v. Evans, 40 N. Y. 1, it was held, as a matter of law, that the uncorroborated testimony of a confessed perjurer was insufficient to justify the conviction of the defendant on a charge of suborning that perjury. In these cases, and doubtless in others that might be suggested, a verdict would be properly directed. But where one or two competent witnesses testify to facts not incredible, which, if believed by the jury, would entitle the party to a verdict, the party cannot be deprived of his right to go to the jury because the witnesses who contradict his evidence are more numerous. The only remedy to the party aggrieved is to move to set aside the verdict, if it is rendered perversely against the weight of evidence.

The motion for reargument should be denied, with $10 costs. All concur.