MOSHER v. DAVIS.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

1. ALTERATION OF INSTRUMENTS—EQUITABLE JURISDICTION.
    In an action for damages for failure to give possession of land under a contract, whether the date inserted in the contract had been altered after its execution may be submitted to the jury, as it does not involve the right to a reformation of the contract in equity.

2. SAME—EVIDENCE—QUESTION FOR JURY.
    On an issue whether the date "1896" in an instrument had been changed after execution to "1897," plaintiff testified that the scrivener read it to him "1896" at the time of signing; and that he saw no mark on the agreement except the signatures. Plaintiff's attorney testified that he compared the instrument afterwards with a copy, and his "best recollection" was it had not then been changed. The scrivener testified for defendant that whatever change had been made was made at the time of signing, but that the date "1896" was intended by the parties. *Held,* that the question should have been submitted to the jury.

Appeal from trial term, Herkimer county.

Action by Menzo Mosher against Alpheus G. Davis. There was a judgment for defendant, and plaintiff appeals. Reversed.

The action was brought to recover damages for failure of defendant to let plaintiff into possession of the premises described in the complaint, and pursuant to a land contract. The complaint, in substance, recites the agreement; stating it was to become effective by transfer of possession of the real estate to plaintiff April 1, 1896,—three days after its execution. The defendant admits the execution of the agreement on the date mentioned, annexing to the answer a copy thereof, which states the agreement was to be consummated by delivery of possession April 1, 1897. The answer also contains a general denial. At the trial, plaintiff introduced in evidence the original agreement, which was on a blank containing "1896," and the figure "7" was written over the "6," so that the delivery of possession of the property was not to be made until April 1, 1897. The question the plaintiff sought to litigate was that the date at the time of the execution of the agreement was 1896, and that it had been altered subsequent to its execution.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and SPRING, JJ.

J. D. Beckwith, for appellant.

William W. Wemple, for respondent.

SPRING, J. On the 28th day of March, 1896, the parties to this action entered into a written agreement, under seal, whereby the defendant agreed to sell and convey to the plaintiff the lands and premises described therein, for the consideration of $1,200. The agreement produced on the trial, and which was the only one signed by the parties, provided for the completion of the contract by the delivery of the deed, bond, and mortgage, and the giving up of possession, on the 1st day of April, 1897. The plaintiff sought to obtain possession of the property on the 1st day of April, 1896, claiming such was the agreement; and, upon the refusal of defendant to let him into possession, he began this action in the fall of that year to recover damages for the deprivation of the benefits of this agreement. If change of possession was not to be operative until the 1st day of April, 1897, his action was prematurely brought. The agreement was drawn in Dolgeville by a real-estate agent named Bacon, residing in that village; and Bacon testified that after he had prepared and read over the agreement he changed the figures from "6" to "7," making the change of possession to occur in 1897. His own version shows a singular failure to apprise the parties of the contents of the instrument. He testified:

"I read it over to the parties and corrected them right at the time. As to what the figures were read at that time, I can't tell you, but that is the time the correction was made. I don't think I called the attention of either of the parties to the change from the '6' to the '7.' I don't remember that I did, and I don't remember whether I read that date '1896' or '1897.'"

He further testified he made this change of his own volition; that two weeks later, at the request of the attorney for the plaintiff, he, the custodian of the agreement, made a copy of it, in which he gave the date of the change of the possession and of the delivery of the deed to be April 1, 1896; and that he made the copy

in that way because it tallied with the intention of the parties. And he also stated:

"The contract was made there in my presence, and I knew what the intent of the parties was at the time the original agreement was signed."

Bacon was virtually a witness for the defendant, and no other was called on his behalf.

We have, accordingly, an agreement that was altered after its writing without the knowledge of the parties, which confessedly did not express their intention, and a copy furnished by the scrivener, at the instance of the plaintiff, which did in fact correspond with their real purpose. The position taken by the defendant on the trial was that plaintiff should be relegated to a court of equity to obtain his remedy. While no reformation of the agreement could be had in this action, yet, under this state of facts, no Procrustean rule should be imposed upon plaintiff; and if, from the evidence, it can be fairly spelled out that the agreement, as signed, really expressed the design of the parties, and covenanted for change of possession in April, 1896, then the jury should have been permitted to pass upon that single fact in the case. The plaintiff testified that he was present at the preparation and execution of the contract; that it was read over by Bacon; that the portion relating to the time of the delivery of possession was read, "April 1st, 1896;" that he saw no mark made upon the agreement, except the signatures of the parties. Mr. Beckwith, the attorney for the plaintiff, testified that on April 17, 1896, he went to the office of Mr. Bacon to compare the copy of the contract made by the latter for the plaintiff with the original, in the office of Mr. Bacon. He stated what occurred as follows:

"I didn't read the whole of it. I think we compared the figures on Ex. 1 [original contract] with the figures on Ex. 2 [copy made for plaintiff]. I won't say as to all of them. I know we did as to some of them. Q. Did you examine upon that occasion the last '1896' or '1897' upon Ex. 1? A. I think I did. I won't be positive. Q. What is your memory as to what it read at that time? A. My best recollection is that it was '1896.' I had with me on that occasion the copy, Ex. 2, and went there for the purpose of comparing the papers."

This testimony was more than a scintilla of evidence upon the question of fact in the case. This is especially true when the testimony coincides with what is apparently the intention of the parties. Beckwith gave his best recollection when he testified he compared the figures in the original agreement with those in the copy. That is all any witness can do. The fact that the witness frankly stated he was giving his recollection does not destroy its force. The weight which should be accorded it, as well as the credibility of the witness and of the plaintiff, was for the jury.

The rule governing the direction of verdicts, as stated in Bagley v. Bowe, 105 N. Y. 172–179, 11 N. E. 386, is as follows:

"To justify the court in directing a verdict in any case upon the facts, the evidence must be undisputed, or so certain and convincing that no reasonable mind could come to but one conclusion. If there is ground for opposite inferences, and a conclusion either way would not shock the sense of a reasonable man, then the case is for the jury, although the judge may entertain a clear

and decided conviction that the truth is on this or that side of the controversy." Brown v. Harmon, 29 App. Div. 31, 51 N. Y. Supp. 820; Hastings v. Insurance Co., 138 N. Y. 473, 34 N. E. 289; Hudson v. Railroad Co., 73 Hun, 467, 26 N. Y. Supp. 386; Luhrs v. Railroad Co., 13 App. Div. 126, 42 N. Y. Supp. 1101.

If the alteration of the agreement was made after its execution, its validity was not impaired. Gleason v. Hamilton, 138 N. Y. 353, 34 N. E. 283; Waldorf v. Simpson, 15 App. Div. 297–302, 44 N. Y. Supp. 921. The determination of the question of fact in this case did not trench upon the province of a court of equity. It did not involve a reformation of the agreement. The jury was simply to decide what date was prescribed in the contract for delivery of the possession of the property. That should have been submitted to it, as there was conflicting testimony upon it.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.