## McDONALD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  December 22, 1899.)

1. TRIAL—GENERAL OR SPECIAL VERDICT.

After a motion to direct a verdict in an action for wrongful death, the court submitted three fact questions to the jury. Their foreman reported later that they had reached a general verdict, but could not agree upon answers to the questions. *Held*, that under Code Civ. Proc. § 1187, providing that, in an action to recover money only, the jury may render a general or special verdict, the court was not bound to receive the general verdict, but could direct a verdict for defendant, and discharge the jury.

2. SAME—DIRECTION OF VERDICT.
    If, on the evidence, a verdict in favor of the person against whom a judgment had been rendered could not be sustained, a verdict against him may properly be directed.

Appeal from trial term, New York county.

Action by Grace McDonald, administratrix, against the Metropolitan Street-Railway Company. From a judgment for defendant on a verdict directed by the court, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

E. L. Mooney, for appellant.
C. F. Brown, for respondent.

RUMSEY, J. The action was brought to recover damages for the negligence of the defendant which resulted in the death of the plaintiff's son. At the close of the evidence, the court submitted to the jury three questions, directing them to render answers to each one. After some consideration, the jury came into court, and reported that they had been unable to agree to answers to the questions, but that they had agreed on a verdict. The court refused to allow them to render the verdict agreed upon, or to accept any verdict except in answer to the three questions, and, upon the statement of the foreman that they were unable to agree as to them, the court discharged the jury from further consideration of the case, and ordered a verdict for the defendant. From the judgment thereupon entered, and from the order denying the motion for a new trial, the plaintiff appeals.

The counsel for the appellant insists that it was error for the trial justice to refuse to permit the jury to deliver the verdict upon which they had agreed, claiming that in an action of this kind it is the absolute right of the jury to render a verdict if they see fit to do so. It is quite true that Code Civ. Proc. § 1187, says that in an action of this kind the jury may render a special or general verdict, in its discretion. That provision is not new in the law, but has existed as long as the trial by jury has existed in its present form. It must be construed, however, with relation to the remaining provisions of the section, by which the court is authorized, during the pendency of a motion to direct a verdict, as was the situation here, to submit certain questions of fact to the jury, and require them to answer those questions. When that has been done, the jury must answer the questions submitted, if they can agree on them, and they have no right to render any verdict except as contained in those answers. The power given to the jury to render a special or general verdict, in their discretion, can only be exercised when no special instructions have been given to the jury as to the kind of verdict they are to bring into court. When such instructions have been given, it is the duty of the jury to comply with them, and, if they are unable to do so, the case stands in relation to that trial precisely as any other case stands upon the disagreement of the jury. Questions are submitted pending the determination of the motion to direct a verdict, in order that the court may have the benefit of the findings

of the jury as to the facts contained in those questions, but the court may decide the motion without such submissions, if it sees fit. Nor is the court precluded from determining for itself the question whether the evidence is sufficient to warrant a verdict at any stage of the case, where the evidence is clear, and before the jury have finally rendered a verdict, if the case has been submitted to them. Certainly, where the jury are unable to agree, it is neither unusual nor extraordinary for the justice presiding at the trial, if upon consideration he thinks the case a proper one, to direct a verdict dismissing the complaint. There was no irregularity, therefore, in the practice upon this trial.

It is claimed by the appellant that there was a conflict of evidence, and that for that reason the court erred in taking the case from the jury. It may be assumed that at the close of the plaintiff's evidence she had made a prima facie case, which, undisputed or explained, would have been sufficient to warrant a verdict in her favor. It is equally true that, at the close of the defendant's case, the prima facie case of the plaintiff had been explained away and destroyed, so that a verdict for the plaintiff, had such a one been rendered, must have been set aside by the court as against the weight of the evidence. The appellant insists that in those circumstances the court is bound to submit the case to the jury, although, if a verdict were rendered for the plaintiff, it would have been its duty to set it aside at once upon motion. The respondent, on the contrary, claims that in such cases the court is justified in directing a verdict for the defendant, and, if it has done so, its action will be sustained, and the case will not be sent back to secure a useless verdict, merely for the purpose of setting it aside.

It is undoubtedly true that, where there is a conflict of evidence, the court may properly submit the case to the jury, if it sees fit, even though the testimony may decidedly preponderate on one side or the other, so that a verdict would be set aside as against the weight of the evidence; but it is equally true that the court will not be required to take such action, although it is advisable to send the case to the jury, except where there is a great preponderance of testimony. But if the court does not see fit to take that course, and has itself disposed of the case, the question then to be determined is whether, upon the evidence, a verdict in favor of the person against whom the judgment has been rendered could be sustained. If not, the action of the court will be approved. This has been the undoubted rule in this state for many years. In the case of Stuart v. Simpson, 1 Wend. 376, it was said by the supreme court that, if the evidence would not authorize the jury to find a verdict for the plaintiff, or if the court would set it aside if rendered, in such cases it is the duty of the court to nonsuit the plaintiff. The same determination was made in the case of Rudd v. Davis, 3 Hill, 287. In that case the plaintiff was nonsuited, although it is quite clear from the meager report that there was some evidence to go to the jury. The rule was laid down that it was proper to order a nonsuit whenever a verdict for the plaintiff would be set aside as against the weight of the evidence, whatever might be its character. The

case was affirmed upon that precise point. Id., 7 Hill, 529. We have examined the cases from that time to the present, and we find that the cases of Stuart v. Simpson and Rudd v. Davis have been constantly cited with approval upon the foregoing proposition, and we can find no case overruling them. On the contrary, not only have they been followed in the supreme court in various cases, but they have also been approved by the court of appeals many times. McMartin v. Taylor, 2 Barb. 356–361; Smith v. Sanger, 3 Barb. 360–369; Carpenter v. Smith, 10 Barb. 663, 664; People v. Cook, 14 Barb. 259–303; Sheldon v. Railroad Co., 29 Barb. 226–229; People v. Board of Police of Metropolitan Police Dist., 35 Barb. 651. In Colt v. Railroad Co., 49 N. Y. 671, it is said in the headnote that it is not enough to justify a nonsuit if the court, in the exercise of its discretion, might grant a new trial. It is only where there is no evidence in law which, if believed, will sustain a verdict, that the court is called upon to nonsuit; and the evidence may be sufficient in law to sustain a verdict, although so greatly against the apparent weight of evidence as to justify the granting of a new trial. The decision is only a memorandum, and contains no part of the opinion, but sufficient is apparent from the case as reported to show that there was evidence in favor of the plaintiff so that the court refused to nonsuit, and that the question presented to the court of appeals was only upon the exception to the refusal. That being the case, the court of appeals was not called upon to consider any action of the trial court based upon its determination as to the weight of the evidence. All it was at liberty to say or did say was that, if there was evidence, the court could not be compelled to nonsuit, and it was no error to refuse to do so. It is doubtful whether that case now represents the law as determined by the court of appeals. It is said in the case of Linkauf v. Lombard, 137 N. Y. 417–426, 33 N. E. 472, 20 L. R. A. 48, that the rule was to be regarded as settled, as well by the decisions of the courts of this state as by the courts of England, that where there is no evidence upon any issue before the jury, or the weight of the evidence is so preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial justice to direct a nonsuit. What was said in that case was accepted in a subsequent decision of the court (Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440), where the opinion was delivered by the only justice who dissented in the case of Linkauf v. Lombard. In the absence of some decision of that court, we do not think we should be at liberty to depart from the rule there laid down. Our attention has been called to the cases of Luhrs v. Railroad Co., 11 App. Div. 173, 42 N. Y. Supp. 606, and Id., 13 App. Div. 126, 42 N. Y. Supp. 1101, in which the court declined to follow the broad rule laid down by the court of appeals in the two cases above cited, and said that although the evidence may greatly preponderate in favor of one party, so that were a verdict rendered against that party it would be set aside, yet that fact does not warrant the court in directing a verdict. The learned justice who delivered the opinion in that case has not cited any of the numerous cases upon that subject which have been

reported in the supreme court during a period of nearly 70 years. In spite of the weight to be attached to his opinion were the case a new one, we do not think it is sufficient to overrule what seems to have been the settled practice in this state during all that time.

It is not necessary to discuss here the evidence in this case. A careful reading of it satisfies us, not only that there was no negligence on the part of the gripman, but that there was clearly contributory negligence on the part of the young boy. The conclusion which we reach in the case is that the boy rushed out behind a south-bound car immediately in front of the north-bound car, and so close to it that, when he unfortunately slipped and fell upon the track, it was absolutely impossible for the gripman to check the speed of his car in time to prevent running over him.

The conclusion of the learned trial justice to dismiss the case was therefore correct, and, for the reasons given above, the judgment and order must be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur. McLAUGHLIN, J., concurs in result.