JACOB DOLD PACKING COMPANY, Appellant, *v.* EMMA LAMPE, Respondent.

Third Department, December 28, 1921.

Guaranty — construction and operation — contract procured by plaintiff's agent from defendant guaranteeing payment for goods to be sold by plaintiff to third person not binding on defendant when altered by agent before acceptance by plaintiff — mutual assent of parties necessary to contract of guaranty.

A paper in the form of a written guaranty by the defendant, which acknowledged no present consideration, but in which the consideration expressed was the sale and delivery of goods by the plaintiff to a third person, was not binding on the defendant, where it appears that it was given to one of the plaintiff's agents subject to acceptance by the plaintiff; that said agent without authority from either party increased the amount before it was submitted to the plaintiff, and that plaintiff accepted it in its altered form.

A contract of guaranty, like other contracts, requires mutual assent of the parties, and, since no agreement upon the proposal by the defendant before alteration was ever had between the parties, no contract of guaranty was made.

WOODWARD and H. T. KELLOGG, JJ., dissent.

APPEAL by the plaintiff, Jacob Dold Packing Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 13th day of June, 1921, upon the decision of the court, rendered after a trial at the Saratoga Trial Term, a jury having been waived by stipulation of the parties.

*Butler, Kilmer & Corbin* [*Charles L. Hoey* of counsel], for the appellant.

*Edward D. Eddy,* for the respondent.

VAN KIRK, J.:

This case was tried before the court without a jury, on stipulated facts. The plaintiff, a domestic corporation, is a meat packer and wholesale dealer. Fred J. Robertson was plaintiff's salesman in a territory which included Saratoga Springs. He was working for " a. straight salary, with a bonus based on the amount of net profits on sales in his territory." Robertson solicited orders and naturally desired to make as large sales as possible. He was furnished with blank forms for guaranties of the accounts of customers. If the credit of a customer was not good, he was permitted to procure a guaranty to be executed by some third party. This guaranty was to be sent on to the plaintiff at Buffalo with the first order for goods; but the orders and the guaranties were taken subject always to confirmation by the credit department of plaintiff at Buffalo, after investigation of the credit of the guarantor. No order with a guaranty could be filled until the guaranty was approved at plaintiff's home office. John Pilger, of Saratoga Springs, had been a customer of the plaintiff, but in 1919 had gone through bankruptcy, owing this plaintiff about $376, and plaintiff had refused him further credit. No specific authority was given by the plaintiff to Robertson with reference to Pilger's credit, but under his general authority he approached the defendant and procured from her a writing in form of a guaranty of Pilger's future account for the term of one year, to the sum of $500. After this guaranty had been executed by the defendant and delivered to Robertson, he, without the knowledge of the defendant, and without authority from the plaintiff either express or implied so to do, changed the amount of the guaranty from $500 to $750, and sent the guaranty so altered to the plaintiff, together with an order from Pilger. The guaranty was approved and accepted by the plaintiff in the form as altered by Robertson. The change in the written guaranty made by Robertson was roughly done, and it was apparent to any one looking at the written guaranty that the amount had been changed, but there was nothing to indicate whether the amount had been changed before or after the guaranty was signed and handed by this defendant to Robertson. From time to time thereafter goods were shipped by

plaintiff to Pilger, for part of which he paid, but, before the year mentioned in the guaranty had expired, he was indebted to the plaintiff in a sum in excess of $750. The plaintiff then brought this action, demanding judgment for $750, with interest. Before answer was served the plaintiff learned, through the defendant and Robertson, that the guaranty had been changed from $500 to $750 after it had been executed and delivered by the defendant. Thereupon the plaintiff served an amended complaint, demanding judgment in the sum of $500, the amount named in the guaranty at the time the defendant executed it.

The plaintiff has sold goods relying upon a written guaranty signed by this defendant. It seeks to recover the amount only to which defendant intended to obligate herself. Still defendant may avail herself of any legal defense existing. The trial court has dismissed the complaint and we have concluded that the judgment must be affirmed.

It should be noted that this is not a case of a written contract completed, so that obligations thereupon exist without further act by either party thereto. If an alteration be made in such a completed contract by a stranger, without the knowledge, consent or authority of a party, the alteration does not invalidate the contract; the original obligation of the instrument or contract remains and may be enforced. (*Gleason* v. *Hamilton*, 138 N. Y. 353, 358.)

A contract of guaranty, like other contracts, requires mutual assent of the minds of the parties. (*Davis* v. *Wells*, 104 U. S. 159; *Davis Sewing Machine Co.* v. *Richards*, 115 id. 524, 527; *Fellows* v. *Prentiss*, 3 Den. 512; 45 Am. Dec. 484; *Mactier* v. *Frith*, 6 Wend. 103; 21 Am. Dec. 262.) The written guaranty in this case, handed to Robertson to be accepted by the plaintiff at the home office, until accepted, is a mere proposal, which must continue to the time of its acceptance to constitute a binding contract. While some act necessary to the completion of the contract remains to be done, there is no contract. The contract is complete when the minds of the parties meet. Until then, the negotiations are open; a contract not having been completed and the proposal not having been acted upon, the proposal may be recalled; no obligation is imposed by the proposal on either party. (*Mactier*

v. *Frith, supra.*)    Nothing would become due from defendant to plaintiff until the proposal had been accepted by plaintiff, and there was no prior indebtedness.    In *Davis Sewing Machine Co.* v. *Richards* (*supra*), the court said (at p. 527):  " A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties.  If the guaranty is signed by the guarantor, at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract.  But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract." In the instant case the paper in the form of a written guaranty by the defendant does not acknowledge receipt of any present consideration; the expressed consideration is the selling and delivery of goods by plaintiff to Pilger as he may order from time to time; and the proposed guaranty was not to have binding effect until accepted by the plaintiff at its home office.  When sent to the home office, it had been altered in a material respect; and, when accepted, was not the proposition made by the defendant.  No agreement upon the proposal before alteration has ever been had between the parties and no contract of guaranty was made.

The judgment of the Trial Term should be affirmed, with costs.

John M. Kellogg, P. J., and Cochrane, J., concur; Woodward and H. T. Kellogg, JJ., dissent on the authority of *Gleason* v. *Hamilton* (138 N. Y. 353).

Judgment affirmed, with costs.